SCHOTT, Chief Judge.
Plaintiff was injured when he was a patron on the premises of the Fairgrounds, a racetrack in New Orleans. He was walking along a roadway when he was struck by a truck driven by Lester Barbizon. Plaintiff’s suit against the Fairgrounds was dismissed after a jury trial and he has appealed. The principal issue is whether the jury erred in concluding that the condition of the premises did not constitute an unreasonable risk of harm and that it was not a cause in fact of the accident. Plaintiff also raised some subsidiary issues with respect to an evidentiary ruling and the instructions to the jury.
After the last race on the day of the accident plaintiff exited the main entrance of the grandstand and walked along a roadway toward the clubhouse with the intention of getting a taxi. Across this roadway was the public parking area with aisleways opening onto the roadway. The roadway ran from the main entrance of the Fairgrounds on Gentilly Boulevard past the buildings housing the grandstand and the clubhouse on the right and the parking lot on the left to the back entrance of the Fairgrounds on Mystery Street. Plaintiff was walking from the grandstand toward the clubhouse within and along the side of the roadway when he was struck from the rear on his left side by Barbizon’s truck which was proceeding in the same direction. Barbizon was intoxicated.
Plaintiff intended to get a taxi at a stand on the other side of the clubhouse. There was evidence that he could have gotten a cab right in front of the grandstand building, that he could have gotten to the clubhouse stand using an alternate route within the buildings, or that he could have gone to a stand in the direction of Gentilly Boulevard, i.e. to his left when he exited. In any event the evidence established that it was not at all unusual for customers to walk along the roadway as was plaintiff when he was struck. Indeed, it was commonplace.
A conflict arose as to whether this roadway was no more than an extension of the parking area rather than a throughway for the entire facility. An expert on each side presented opposing views on this issue. Regardless of its characterization its location and its regular use by pedestrians as a means of access both to the parking lot and to the clubhouse made it an integral part of the Fairgrounds facilities as to which it owed the same duty, to prevent or avoid any unreasonable risk of harm to its patrons.
The case was submitted to the jury on written interrogatories pursuant to LSA-C.C.P. art. 1813. The jury specifically found that the condition at the Fairgrounds did not occasion an unreasonable risk of harm and the condition was not a cause in fact of the accident. Assuming no errors in evidentiary rulings or jury instructions, findings of the jury will not be disturbed in the absence of manifest error. Because *794 plaintiff specified such errors were made we first address these contentions.
Plaintiffs argues that the trial court wrongfully excluded from evidence a videotape taken by his expert traffic engineer. He argues that his case was prejudiced when he was reduced to the use of only a large photograph of the area of the accident taken on a Sunday morning. He contends that the tape would show that the roadway was a “service road” rather than a parking lot aisle and it would demonstrate the intermingling or mixing of pedestrians and vehicles. The trial judge in excluding the videotape made this observation:
... because of the voice activity which was not under oath, probably harmless, but not under oath and also it showed details of activity not relevant to the case. I thought the prejudice outweighed the probity, particularly in light of the other still photographs which were pertinent.
The comments of the trial court indicate the sound exercise of his discretion. We find no abuse thereof in the ruling and find no prejudice to plaintiff’s case as a result of it. We have already concluded that the Fairgrounds owed the same duty to plaintiff with respect to the roadway regardless of its classification or characterization and the question for the jury was the same in either case. As to the mixing of pedestrians and vehicles all the evidence was un-contradicted to this effect. The videotape would have been cumulative and was unnecessary to plaintiff's case since what it was intended to prove was already established. The record supports the trial judge’s concern that the fairness of the proceedings might be compromised by the videotape’s admission in evidence.
Plaintiff’s quarrel with the verbiage of the judge’s instructions is without merit. Taken as a whole instructions on the duty owed by the Fairgrounds to its customers are clear and correct. The instructions on contributory negligence and negligence on Barbizon’s part were pertinent and necessary and generally correct even though not in the words requested by plaintiff. The failure of the court to tell the jury the plaintiff’s duty was to see and avoid obvious hazards did not mislead the jury because the jury found that no hazard existed. The jury did not reach the issue of contributory negligence, consequently any deficiency in the instructions on contributory negligence has no effect on the verdict.
Having concluded that these specifications of trial error on the part of the judge have no merit and that the instructions to the jury were legally correct and sufficient we are left with the issue of manifest error in the jury conclusions. There is some merit to plaintiff’s argument that the condition of the roadway or area where the accident occurred did constitute an unreasonable risk of harm; and assuming that the jury’s finding to the contrary is clearly wrong the next conclusion, that this was not the cause in fact of the accident, is not clearly wrong. Apparently the jury decided that the only cause of this accident was the negligence of Barbizon — a drunk driver who lost control of his vehicle and struck a pedestrian walking along the edge of the road. This conclusion was the sole prerogative of a well instructed jury, it is supported by the evidence, it is not clearly wrong, and it may not be disturbed on appeal.
Accordingly the judgment is affirmed.
AFFIRMED.
PLOTKIN, J., dissents with written reasons.